# United States District Court
## Central District of California

**UNITED STATES OF AMERICA vs.**

**Defendant**  Mario Humberto Monge

ANCHADO, Francisco Javier
akas:  SANCHEZ, Erick Waldemar

**Docket No.**  CR15-130 PA and CR15-374 PA

**Social Security No.** 1 4 5 4

(Last 4 digits)

---

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|-------|-----|------|
| July | 6 | 2016 |

**COUNSEL**  Edmundo Espinoza-Bojorquez, Rtnd.

(Name of Counsel)

**PLEA**  [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  [ ] **NOLO CONTENDERE**  [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**CR15-130-1**: Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 349 as charged in Count One and Aggravated Identify Theft in violation of 18 U.S.C. § 1028A as charged in Count Two of the Two-Count Information.

**CR15-374-1**: Conspiracy to Commit Bank Fraud While on Release in violation of 18 U.S.C. §§ 1349, 3147 as charged in Count One and Passport Fraud While on Release in violation of 18 U.S.C. §§ 1542, 3147 as charged in Count Two of the Six-Count Information.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

One hundred and forty-five (145) months.  This term consists of 121 months on Count 1 of the Information in Docket Number 2:15CR00130-1, 105 months on each of Counts 1 and 2 of the Information in Docket Number 2:15CR00374-1 for the underlying offense, and 16 months consecutive on each of Counts 1 and 2 of the Information in Docket Number 2:15CR00374-1 for committing the underlying offenses while on release, for a total sentence of 121 months, all to be served concurrently; and 24 months on Count 2 of the Information in Docket Number 2:15CR00130-1, to be served consecutively to all other counts.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five (5) years. This term consists of five years on Count 1 of the Information in Docket Number 2:15CR00130-1; five years on Count 1 of the Information in Docket Number 2:15CR00374-1; two years on Count 2 of the Information in Docket Number 2:15CR00374-1; and one year on Count 2 of the Information in Docket Number 2:15CR00130-1, all such terms to run concurrently, under the following terms and conditions:

USA vs.   Mario Humberto Monge                              Docket No.:   CR15-130 PA and CR15-374 PA

1.   The defendant shall comply with the rules and regulations of the United States Probation Office and General Order 05-02.

2.   During the period of community supervision, the defendant shall pay the special assessment and any court-ordered financial obligation in accordance with this judgment's orders pertaining to such payment.

3.   The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport, or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name or names without the prior written approval of the Probation Officer.

4.   The defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs) that have been disclosed to the Probation Officer upon commencement of supervision. Any changes or additions are to be disclosed to the Probation Officer prior to the first use. Computers and computer-related devices include personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, and digital storage media, as well as peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

5.   All computers, computer-related devices, and peripheral equipment, used by the defendant shall be subject to search and seizure. This shall not apply to items used at the employment's site, which are maintained and monitored by the employer.

6.   The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

7.   The defendant shall cooperate in the collection of a DNA sample.

8.   The defendant shall apply all monies received from income tax refunds to

USA vs.   Mario Humberto Monge                    Docket No.:   CR15-130 PA and CR15-374 PA

any outstanding court-ordered financial obligation. In addition, the
defendant shall apply all monies received from lottery winnings, inheritance,
judgments and any anticipated or unexpected financial gains to any
outstanding court-ordered financial obligation.

The drug testing condition mandated by statute is suspended based on the Court's determination
that the defendant poses a low risk of future substance abuse.

It is ordered that the defendant shall pay to the United States a special assessment of $400,
which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the
rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial
Responsibility Program.

The Court finds from a consideration of the record that the defendant's economic circumstances
allow for restitution payments pursuant to the following schedule: It is ordered that the defendant shall
pay restitution in the total amount of $358,310.62 pursuant to 18 U.S.C. § 3663A.

The amount of restitution ordered shall be paid as set forth on the list attached to this judgment.
If the defendant makes a partial payment, each payee shall receive approximately proportional
payment unless another priority order or percentage payment is specified.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the
defendant does not have the ability to pay interest. Payments may be subject to penalties for default
and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall be held jointly and severally liable with convicted codefendants Jorge
Armando Sanchez, Concepcion Adolfo Sanchez, and Angel Padilla.  (Docket No. CR-15-00130) for
the total amount of restitution ordered in this judgment. The victims' recovery is limited to the amount
of their loss and the defendant's liability for restitution ceases if and when the victims receive full
restitution.

The defendant shall comply with General Order No. 01-05.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has
established that he is unable to pay and is not likely to become able to pay any fine in addition to
restitution.

/ / /

/ / /

USA vs.   Mario Humberto Monge                    Docket No.:   CR15-130 PA and CR15-374 PA

The Court has entered a money judgment of forfeiture against the defendant, which is hereby incorporated by reference into this judgment and is final and the Court finds that the property identified in the Amended Preliminary Order of Forfeiture is subject to forfeiture for the violations for which the defendant has pled guilty.

On Government's motion, all remaining counts ORDERED dismissed as to this defendant only.

Defendant advised of his right to appeal.

Court recommends to the Bureau of Prisons that the defendant be incarcerated at the Terminal Island facility or the closest facility to the courthouse.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

July 8, 2016
------------------------
Date

U. S. District Judge Percy Anderson

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

July 11, 2016
------------------------
Filed Date

By   Stephen Montes Kerr
------------------------
Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence (pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs. Mario Humberto Monge    Case 2:15-cr-00130-PA   Document 211   Filed 07/11/16   Page 6 of 9   Page ID #:852

Docket No.:   CR15-130 PA and CR15-374 PA

USA vs. _Mario Humberto Monge_                Docket No.: _CR15-130 PA and CR15-374 PA_

---

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____        _____
Date                                              Deputy Marshal

---

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____        _____
Filed Date                                     Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
            Defendant                                  Date

_____        _____
U. S. Probation Officer/Designated Witness        Date

Case 2:15-cr-00130-PA   Document 211   Filed 07/11/16   Page 8 of 9   Page ID #:854

USA vs.   Mario Humberto Monge                                          Docket No.:   CR15-130 PA and CR15-374 PA

| | |
|---|---|
| 1. Bank of America | $108,130.96 |
| 2. Discover | $ 11,021.33 |
| 3. Capitol One | $ 9,090.85 |
| 4. American Express | $ 27,050.92 |
| 5. Altura Credit Union | $ 4,870.05 |
| 6. American First Credit Union | $ 2,801.74 |
| 7. Arrowhead Central Credit Union | $ 331.95 |
| 8. Bank of America, National Association | $ 31,222.48 |
| 9. Canadian Imperial Bank of Commerce | $ 2,877.49 |
| 10. Capitol One Bank (USA), National Association | $ 8,589.01 |
| 11. Chase Bank USA, National Association | $ 29,258.08 |
| 12. Citi Commercial | $ 2,512.14 |
| 13. Citibank National Association – Consumer | $ 707.57 |
| 14. Compass Bank | $ 503.03 |
| 15. East West Bank | $ 1,527.44 |
| 16. FIA Card Services | $ 11,574.97 |
| 17. First National Bank of Omaha | $ 91.92 |
| 18. First Technology Federal Credit Union | $ 1,009.80 |
| 19. FirstBank | $ 1,618.88 |
| 20. Gulf Coast Bank | $ 509.50 |
| 21. ICBA Bancard | $ 370.38 |
| 22. JPMorgan Chase Bank N.A. – Debit | $ 21,802.70 |
| 23. Merrick Bank | $ 171.75 |
| 24. Miramar Federal Credit Union | $ 1,106.52 |
| 25. Navy Federal Credit Union | $ 8,763.75 |
| 26. North Island Financial Credit Union | $ 2,101.72 |
| 27. Pacific Premier Bank | $ 989.61 |
| 28. Parsons Federal Credit Union | $ 1,579.46 |
| 29. Partners Federal Credit Union | $ 713.41 |
| 30. Patelco Credit Union | $ 448.33 |
| 31. Priority One Credit Union | $ 1,751.49 |
| 32. Redwood Credit Union | $ 4,519.91 |
| 33. San Diego Credit Union | $ 2,658.02 |
| 34. San Mateo Credit Union | $ 700.92 |
| 35. SchoolsFirst Federal Credit Union | $ 338.00 |
| 36. States Employees' Credit Union | $ 171.10 |
| 37. The Golden One Credit Union | $ 1,492.76 |
| 38. U.S. Bank National Association | $ 3,975.30 |
| 39. U.S. Bank National Association – Credit | $ 9,283.16 |
| 40. Umpqua Bank | $ 1,803.76 |

USA vs.   Mario Humberto Monge                    Docket No.:   CR15-130 PA and CR15-374 PA

1.    $ 52.32
2.    $ 37,107.04
3.    $ 1,077.84
4.    $ 31.26

41. United Catholics Credit Union
42. Wells Fargo Bank, National Association
43. Wescom Central Credit Union
44. Whatcom Educational Credit Union